RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 23a0001p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

AMAURY VILLA,

        *Petitioner-Appellant,*

      *v.*

UNITED STATES OF AMERICA,

        *Respondent-Appellee.*

No. 22-5437

Appeal from the United States District Court for the Western District of Kentucky at Owensboro.
Nos. 4:13-cr-00033-1; 4:19-cv-00001—Joseph H. McKinley, Jr., District Judge.

Decided and Filed:  January 3, 2023

Before:  KETHLEDGE, READLER, and MURPHY, Circuit Judges.

_____

**ON BRIEF:**  Howard Sohn, LAW OFFICE, Boca Raton, Florida, for Appellant.  L. Jay Gilbert, UNITED STATES ATTORNEY'S OFFICE, Louisville, Kentucky, for Appellee.

_____

## OPINION

_____

KETHLEDGE, Circuit Judge.   Undisputed in this case is that, in January 2016, the prosecutor in Amaury Villa's case emailed Villa's counsel, Donald Meier, with an offer to enter into a cooperation agreement with Villa.  What the parties dispute is when Villa learned about that offer.  The government says that Meier told Villa about the offer the day it was made.  Villa says that he learned about that offer only years later, when he obtained the relevant portion of Meier's case file.  By then Villa had pending with the district court a motion for relief from sentence under 28 U.S.C. § 2255, which he promptly moved to amend with a claim based on Meier's alleged omission.  Villa attached two affidavits (including his own) in support of his

motion to amend; the government attached an affidavit from Meier in opposition. Yet the district court summarily adopted the government's view of the facts and denied Villa's motion to amend as untimely. We vacate the court's decision and remand for an evidentiary hearing.

I.

In 2011, Amaury Villa participated in two large-scale burglaries. In the first, Villa and Camilo Rodriguez-Hernandez stole pharmaceuticals from a warehouse in Connecticut and transported them to Florida for resale. In the second, the same duo stole over a million dollars' worth of cigarettes from a warehouse in Kentucky. Federal grand juries in Connecticut and Florida indicted Villa on theft and conspiracy charges arising out of the first burglary, and Villa cooperated with prosecutors in both cases. Among other things, Villa confessed to the Kentucky burglary and named Rodriguez-Hernandez as his coconspirator. In return, Villa and his then-counsel Maria Perez hoped to negotiate a global plea agreement that would resolve his criminal liability for both burglaries.

Meanwhile, a grand jury indicted Villa on charges arising out of the Kentucky burglary, though prosecutors immediately moved to seal that indictment. Villa was thus unaware of those charges when he pled guilty in the Florida and Connecticut cases without a plea agreement. Those courts thereafter sentenced him to concurrent terms of 140 and 98 months' imprisonment, respectively.

A different attorney, Donald Meier, represented Villa in the Kentucky case. On January 9, 2016, the prosecutor in that case, Joshua Judd, emailed Meier a proposed plea agreement. That agreement assumed no further cooperation on Villa's part and thus did not mention the possibility of a sentence concurrent with the ones in the Florida and Connecticut cases. In the same email, however, Judd offered to prepare a "cooperation agreement" if Villa were willing to cooperate further—in which case he would consider recommending a concurrent sentence. Meier apparently had not responded by January 21, so Judd emailed him that day asking for an update. In that email, Judd reiterated he would consider recommending a concurrent sentence if Villa cooperated further:

I would agree that you all could argue for concurrent sentences but I'm not going to recommend it at this time unless there is some additional cooperation. For instance, if he pleaded, cooperated against Camillo [*sic*], and testified, I would consider changing that recommendation.

On January 25, Villa spoke to Meier and Perez (his attorney in the Connecticut and Florida cases) in a three-way phone call. Meier said that prosecutors wanted to meet with Villa, and Villa said he was willing to do so. During that call, according to Villa, Meier did not mention Judd's offer to enter into a cooperation agreement.

In February, Villa met briefly with Judd, an FBI agent, and an investigator from the federal defender's office. Meier did not attend that meeting because his father had passed away the night before. Although an interpreter was not present at the meeting and (according to Villa) his English was "not very good," Judd told Villa that the government wanted him to testify against Rodriguez-Hernandez. Judd did not mention the possibility of a cooperation agreement, and the meeting quickly ended. Villa thereafter pled guilty without a plea agreement. The district court sentenced him to 77 months' imprisonment, consecutive to his other federal sentences. We affirmed.

In January 2019, Villa filed a motion to set aside his sentence under 28 U.S.C. § 2255, raising nine claims of ineffective assistance of counsel. Villa's counsel for that motion, Howard Sohn, asked Meier for his full case file. Meier agreed, but failed to include certain documents—notably the emails in which Judd had proposed a cooperation agreement. Sohn asked Meier to provide him with the missing documents, which Meier did in October 2019. Villa then discovered—he says for the first time—that Judd had been willing to discuss the possibility of a cooperation agreement and a concurrent sentence in the Kentucky case.

Villa promptly moved to amend his pending § 2255 motion to add a new claim based on Meier's alleged failure to tell him about the potential cooperation agreement. In support, Villa attached an affidavit in which he said that Meier had never told him about Judd's offer, and that he would have accepted the offer had he had known about it. Villa also attached an affidavit from Maria Perez, in which she said that Meier had said nothing about Judd's offer during his meetings with Perez and Villa shortly afterward. In opposition, the government submitted an

affidavit from Meier, who asserted that he had told Villa about Judd's offer but that Villa had said he was unwilling to testify against Rodriguez-Hernandez.

Villa requested an evidentiary hearing regarding the timeliness of his new claim. The district court refused. In the court's view, Judd's comment to Villa during their February 2016 meeting—that Judd wanted Villa to testify against Rodriguez-Hernandez—should have put Villa on notice of the potential cooperation agreement that Judd had mentioned to Meier the month before. On that view, the basis for Villa's new claim "could have been discovered" more than a year before he sought leave to assert it—which meant the claim was untimely. *See* 28 U.S.C. § 2255(f)(4). Hence the court denied the motion to amend. This appeal followed.

II.

We review for an abuse of discretion the district court's denial of Villa's request for an evidentiary hearing and of his motion to amend his § 2255 motion. *Coe v. Bell*, 161 F.3d 320, 341-42 (6th Cir. 1998). District courts must hold an evidentiary hearing on motions under § 2255 "unless the record conclusively shows that the petitioner is entitled to no relief." *Martin v. United States*, 889 F.3d 827, 832 (6th Cir. 2018). "When a defendant presents an affidavit concerning a factual narrative of the events that is neither contradicted by the record nor inherently incredible and the government offers nothing more than contrary representations to contradict it, the defendant is entitled to an evidentiary hearing." *Huff v. United States*, 734 F.3d 600, 607 (6th Cir. 2013) (cleaned up).

Here, as described above, Villa submitted two affidavits in support of his motion, and the government submitted Meier's affidavit in response. The record therefore contained conflicting affidavits regarding Villa's notice of Judd's offer. Thus, the record before the district court did not "conclusively show" that Villa's claim was untimely. *Martin*, 889 F.3d at 832.

Yet the government contends, and the district court found, that Judd's comment to Villa during their 2016 meeting was enough to put Villa on notice of Judd's earlier offer to Meier of a cooperation agreement. During that meeting, however, Judd mentioned neither the cooperation agreement nor anything else about what Villa might receive in return for his testimony. Thus, to

discover Judd's earlier offer to Meier, Villa himself, in effect, would have needed to commence bargaining with Judd—by asking what he might have received in exchange for his testimony.

That is too much to ask of an uncounseled defendant conversing in his second language with a federal prosecutor. Nothing about Villa's 2016 meeting with Judd resolved the factual dispute presented by the parties' affidavits here. As to that dispute, therefore, the district court must hold an evidentiary hearing. *Huff*, 734 F.3d at 607.

We vacate the district court's denial of Villa's § 2255 motion and remand for proceedings consistent with this opinion. Whether to expand the evidentiary hearing to include the merits of the claim, of course, is up to the district court.